## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ARMANDO MEDINA, FERNANDO ESCOBAR, ) <br> and CHRISTIAN SALINAS, on behalf of ) <br> themselves and all other persons similarly ) <br> situated known and unknown, ) <br> ) <br>         Plaintiffs, ) <br>   v. ) <br> ) <br> HAPPY'S PIZZA FRANCHISE, LLC, ) <br> HAPPY'S PIZZA CHICAGO #1, INC., ) <br> HAPPY'S PIZZA CHICAGO #2, INC., ) <br> and HAPPY ASKER, individually, ) <br> ) <br>         Defendants. ) | Case No.  10 C 3148 <br> Judge Kennelly |

### FIRST AMENDED COMPLAINT

Plaintiffs Armando Medina, Fernando Escobar, and Christian Salinas (collectively, "Plaintiffs"), on behalf of themselves and all other persons similarly situated known and unknown, through their attorneys, for their Complaint against Defendants Happy's Pizza Franchise, LLC, Happy's Pizza Chicago #1, Inc., Happy's Pizza Chicago #2, Inc., and Happy Asker, individually, (collectively, "Defendants") state as follows:

### NATURE OF PLAINTIFFS' CLAIMS

1.    This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay overtime wages to Plaintiffs and other similarly situated persons for all time worked in excess of forty (40) hours in individual work weeks. Plaintiffs also bring individual claims under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), for Defendants' failure to pay Plaintiffs for all time worked.  Copies of Plaintiffs' consent forms to act as a representative Plaintiffs in this collective action under the FLSA have

been previously submitted to the Court. Dkt. #1, Ex. A.

**THE PARTIES**

2.      Plaintiff Armando Medina resides in and is domiciled within this judicial district.

3.      Plaintiff Fernando Escobar resides in and is domiciled within this judicial district.

4.      Plaintiff Christian Salinas resides in and is domiciled within this judicial district.

5.      In the prior three years, Plaintiffs were employed by Defendants as "employee(s)" as defined by Section 3(d) of the IMWL, 820 ILCS 105/3, Section 3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1), and Section 2 of the IWPCA, 820 ILCS 115/2.

6.      During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the IMWL, 820 ILCS 105/1 *et seq.*, or the FLSA, 29 U.S.C. §207.

7.      During the course of their employment by Defendants, Plaintiffs engaged in commerce and handled goods, including food products and other supplies, which moved in and were produced in interstate commerce.

8.      Defendant Happy's Pizza Franchise, LLC is a Michigan limited liability company doing business within this judicial district. Defendant Happy's Pizza Franchise, LLC is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

9.      Defendant Happy's Pizza Franchise, LLC's and/or its predecessor's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes, in the years 2007, 2008, and 2009.

10.     Defendant Happy's Pizza Chicago #1, Inc. is an Illinois corporation doing

business within this judicial district. Defendant Happy's Pizza Chicago #1, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

11.    Defendant Happy's Pizza Chicago #2, Inc. is an Illinois corporation doing business within this judicial district. Defendant Happy's Pizza Chicago #2, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

12.    Defendant Happy Asker is involved in the day to day business operation of Happy's Pizza Franchise, LLC, Happy's Pizza Chicago #1, Inc., and Happy's Pizza Chicago #2, Inc. Defendant Happy Asker has authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the companies' checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

13.    Defendant Happy's Pizza Franchise, LLC was Plaintiffs' "employer" within the meaning of 820 ILCS 105/3 of the IMWL, Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and the IWPCA, 820 ILCS 115/2.

14.    Defendant Happy's Pizza Chicago #1, Inc. was Plaintiffs' "employer" within the meaning of 820 ILCS 105/3 of the IMWL, Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and the IWPCA, 820 ILCS 115/2.

15.    Defendant Happy's Pizza Chicago #2, Inc. was Plaintiffs' "employer" within the meaning of 820 ILCS 105/3 of the IMWL, Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and the

IWPCA, 820 ILCS 115/2.

16.     Defendant Happy Asker was Plaintiffs' "employer" within the meaning of 820 ILCS 105/3 of the IMWL and Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and the IWPCA, 820 ILCS 115/2.

**BACKGROUND FACTS**

17.     Defendants operate over fifty restaurants located in Illinois, Michigan, and Ohio, operating under the name "Happy's Pizza."

18.     Within the last three (3) years, Defendants have operated Happy's Pizza restaurants at the following locations:

    i.    2010 W. 63rd St., Chicago, IL 60636 (Happy's Pizza Chicago #2, Inc.)

    ii.    8710 S. Halsted, Chicago, IL 60620

    iii.    1347 E. 87th St., Chicago, IL 60619  (Happy's Pizza Chicago #1, Inc.)

    iv.    20150 W. 7 Mile Rd., Detroit, MI 48219

    v.    16850 Schaefer, Detroit, MI 48235

    vi.    2855 E. 7 Mile Rd., Detroit, MI 48234

    vii.    11831 E. 7 Mile Rd., Detroit, MI 48234

    viii.    11025 Morang Dr., Detroit, MI 48224

    ix.    15128 Plymouth Rd., Detroit, MI 48227

    x.    14365 Livernois Ave., Detroit, MI 48238

    xi.    7450 Woodward, Detroit, MI 48202

    xii.    6412 E. Jefferson, Detroit, MI 48207

    xiii.    4222 Livernois Ave., Detroit, MI 48210

    xiv.    3517 S. Fort St., Detroit, MI 48217

xv.      51 South Crooks, Clawson, MI  48017

xvi.     36843 Mound Rd., Sterling Heights, MI  48310

xvii.    31250 Ann Arbor Trail, Westland, MI  48185

xviii.   721 S. Wayne Rd., Westland, MI  48186

xix.     33990 Van Born Rd., Wayne, MI  48184

xx.      9365 Telegraph Rd., Redford, MI  48240

xxi.     27200 Cherry Hill, Dearborn Heights, MI  48091

xxii.    9870 Belleville Road, Belleville, MI  48111

xxiii.   28867 Van Dyke, Warren, MI  48093

xxiv.    27080 John R., Madison Heights, MI  48071

xxv.     23810 Gratiot, East Pointe, MI  48021

xxvi.    22527 Ecorse Rd., Taylor, MI  48180

xxvii.   24105 Eureka Rd., Taylor, MI  48180

xxviii.  12984 Dix-Toledo Rd., Southgate, MI  48195

xxix.    13700 W. 9 Mile Road, Oak Park, MI  48237

xxx.     26780 Southfield Rd., Lathrup Village, MI  48076

xxxi.    28632 Telegraph Rd., Southfield, MI  48034

xxxii.   21998 Farmington Rd., Farmington Hills, MI  48336

xxxiii.  612 E. Michigan Ave., Ypsilanti, MI  48198

xxxiv.   2896 Washtenaw Rd., Ypsilanti, MI  48197

xxxv.    7170 Orchard Lake Rd., W. Bloomfield, MI  48322

xxxvi.   600 S. Main St., Ann Arbor, MI  48104

xxxvii.  140 N. Gratiot, Mt. Clemens, MI 48043

xxxviii.   390 W. Huron St., Pontiac, MI 48341

xxxix.   3596 Clyde Park, Wyoming, MI 49509

xl.   739 Burton St., Grand Rapids, MI 49507

xli.   2501 W. Pierson Rd., Flint, MI 48504

xlii.   3147 S. Dort Hwy, Burton, MI 48529

xliii.   3125 Miller Rd., Flint, MI 48507

xliv.   1236 Francis St., Jackson, MI 49203

xlv.   400 E. Saginaw St., Lansing, MI 48906

xlvi.   6045 E. Cedar St., Lansing, MI 48911

xlvii.   1329 24th St., Port Huron, MI 48660

xlviii.   2163 N. Pontiac Trail, Commerce Twp, MI 48930

xlix.   2007 N. Michigan Ave., Saginaw, MI 48602

l.   5799 Dixie Highway, Waterford, MI 48329

li.   1472 Sylvania St., Toledo, OH 43612

lii.   1339 Dorr St., Suite G, Toledo, OH 43607

liii.   27 S. Reynolds St., Toledo, OH 43615

liv.   7412 Detroit Ave, Cleveland, OH 44102

lv.   14252 Euclid Ave., East Cleveland, OH 44112

lvi.   4908-A Turney Rd., Garfield Heights, OH 44125

lvii.   3980 Lee Rd., Cleveland, OH 44128

19.   Plaintiff Armando Medina was employed as a cook at the Happy's Pizza restaurants located at i) 2010 W. 63rd St., Chicago, IL; ii) 1347 E. 87th St., Chicago, IL; iii) 400 E. Saginaw St., Lansing, MI; and iv) 600 S. Main St., Ann Arbor, MI.

20.     Plaintiff Fernando Escobar is or has been employed as a cook at the Happy's Pizza restaurants located at i) 2010 W. 63rd St., Chicago, IL; ii) 1347 E. 87th St., Chicago, IL; iii) 400 E. Saginaw St., Lansing, MI; and iv) 600 S. Main St., Ann Arbor, MI.

21.     Plaintiff Christian Salinas is or has been employed as a cook at the Happy's Pizza restaurants located at i) 2010 W. 63rd St., Chicago, IL; and ii) 1347 E. 87th St., Chicago, IL.

22.     Defendants' Happy's Pizza restaurants are commonly owned by Happy Asker.

23.     Defendants' Happy's Pizza restaurants are commonly operated by Happy Asker.

24.     Defendants' Happy's Pizza restaurants utilize the same payroll practices that are alleged herein to violate the IMWL.

25.     Defendants' Happy's Pizza restaurants share a common business purpose.

26.     The payroll for Defendants' Happy's Pizza restaurants is prepared at a common location by the same employees.

## JURISDICTION AND VENUE

27.     This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, rising under 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' individual state law claims pursuant to 28 U.S.C. §1367.

**COUNT I**
**Violation of the Fair Labor Standards Act - Overtime Wages**
**(Plaintiffs on their own behalf and on behalf of similarly situated employees)**

Plaintiffs hereby reallege and incorporate paragraphs 1 through 27 of this Complaint, as if fully set forth herein.

28.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29

U.S.C. §207, for Defendants' failure to pay overtime wages to Plaintiffs for all time worked in excess of forty (40) hours per week.

29.     Plaintiffs were regularly directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

30.     For all time that Defendants compensated Plaintiffs, including hours worked in excess of forty (40) hours per week, Defendants paid Plaintiffs at their regular, straight-time hourly rate of pay.

31.     Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiffs worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular rate of pay for the time worked in excess of forty (40) hours.

32.     Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks. Instead, Defendants compensated Plaintiffs their regular rate of pay for all time worked, including time worked in excess of forty (40) hours per week.

33.     Defendants' failure to pay overtime wages for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

34.     Defendants' failure and refusal to pay overtime wages for time worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

35.     Other similarly situated employees have likewise performed non-exempt work for Defendants, but Defendants have failed to pay them overtime wages for work performed in excess of forty (40) hours per week.

36.     Defendants willfully violated the Fair Labor Standards Act by refusing to pay

Plaintiffs and other similarly-situated employees overtime wages for time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.    Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B.    Judgment against Defendants for violation of the overtime wage provisions of the FLSA;

C.    Judgment that Defendants' violations as described above were willful;

D.    An award in an amount equal to Plaintiffs' and those similarly situated's unpaid back wages;

E.    An award to Plaintiffs and those similarly situated for the amount of unpaid wages owed, liquidated damages and penalties where provided by law, and interest thereon, subject to proof at trial;

F.    An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 and/or other applicable laws;

G.    An award of prejudgment interest to the extent liquidated damages are not awarded;

H.    Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

I.    For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (Plaintiffs individually only)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 36 of this Complaint, as if fully set forth herein.

37.    This Court has supplemental jurisdiction over the matters alleged herein pursuant

to 28 U.S.C. § 1367.

38.     The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

39.     Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at one and one-half times their regular rate of pay for time worked in excess of forty (40) hours per week.

40.     Defendants violated the Illinois Minimum Wage Law by failing to compensate Plaintiffs at one and one-half times their regular rate of pay for time worked in excess of forty (40) hours per week.

41.     Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.     A judgment in the amount of one and one-half times Plaintiffs' regular rate for all time which Plaintiffs worked in excess of forty (40) hours per week;

B.     Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     Reasonable attorneys' fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act – Unpaid Wages
### (Plaintiffs individually only)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 41 of this Complaint.

42.     This Court has supplemental jurisdiction over the matters alleged herein pursuant

to 28 U.S.C. § 1367.

43.     During the course of their employment with Defendants, Plaintiffs were Defendants' "employee(s)" within the meaning of the IWPCA, 820 ILCS 115/1 *et seq.*

44.     During the course of their employment with Defendants, Defendants were Plaintiffs' "employer(s)" as defined in the IWPCA, 820 ILCS 115/1 *et seq.*

45.     Defendants agreed to compensate Plaintiffs for their work at the hourly rate of pay agreed to by the parties.

46.     Defendants failed to pay Plaintiffs for all time they worked in individual work weeks.   For example, Plaintiffs were often required to stay beyond their scheduled shift and were not compensated for any hours worked beyond their scheduled time.

47.     Defendants violated the IWPCA, 820 ILCS 115/9, by failing to pay Plaintiffs for all time they worked in individual work weeks.

48.     Plaintiffs have been damaged by Defendants' failure to pay them for all time worked for Defendants.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

   A.     A judgment in the amount of all back wages due, as provided by the Illinois Wage Payment and Collection Act;

   B.     Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

   C.     An injunction precluding Defendants from violating the IWPCA, 820 ILCS 115/1 *et seq.*; and

   D.     Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: July 14, 2010

s/Douglas M. Werman
DOUGLAS M. WERMAN–dwerman@flsalaw.com
MAUREEN A. BANTZ – mbantz@flsalaw.com
DAVID E. STEVENS – dstevens@flsalaw.com
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiffs